CITY OF MUSKEGON v ROGOSKI

EMINENT DOMAIN—CONDITION PRECEDENT—NEGOTIATION—GOOD FAITH.

The statute which permits governmental agencies to petition the circuit court to acquire property by means of eminent domain does not require the petitioner to negotiate with the owner for the purchase of the property but only that a good faith written offer to purchase has been made to the owner (MCLA 213.366[1]).

Appeal from Muskegon, John H. Piercey, J. Submitted Division 3 June 6, 1972, at Grand Rapids. (Docket No. 12774.) Decided August 30, 1972.

Petition in circuit court by the City of Muskegon to acquire property from Loretta E. Rogoski incidental to urban renewal. Respondent's motion to review necessity denied. Respondent appeals. Affirmed.

*O'Toole & Johnson,* for petitioner.

*R. Bunker Rogoski,* for respondent.

Before: R. B. BURNS, P. J., and LEVIN and TARGONSKI,* JJ.

R. B. BURNS, P. J. This case involves the interpretation of MCLA 213.366(1); MSA 8.261(6)(1) which reads:

"When the petitioner is unable to agree with any person interested in any private property for the pur-

REFERENCE FOR POINTS IN HEADNOTE
27 Am Jur 2d, Eminent Domain §§ 387–389.

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

chase thereof, the petitioner, after making a good faith written offer to purchase the property, may file a petition for the acquisition of the property or property rights, in the circuit court of the county in which the property is located. * * * The petition shall ask that a jury be summoned and impanelled to ascertain and determine just compensation to be made therefor."

The City of Muskegon desired the defendant's property for its urban renewal project. Charles Fagan, land acquisition officer for the project, obtained two written appraisals of the property. He determined that the higher of the two appraisals, the one for $13,000, was the fair market value of the property.

The city submitted a written offer to the defendant to purchase the property for $13,000. The defendant refused the offer and the plaintiff instituted the instant proceedings.

Defendant claims the present proceedings are invalid because the city failed to enter into negotiations with the defendant for the purchase of the property.

The statute does not require the petitioner to negotiate, but requires it to submit "a good faith written offer".

The city submitted an offer based on two appraisals. Defendant did not challenge the good faith of the offer by asking that these appraisals be introduced into evidence or that she be given an opportunity to examine the appraisers who submitted the appraisals. Defendant may disagree with the appraisals and may contest the appraisals at the hearing on damages.

Such action on the part of petitioner does not invalidate the proceedings.

Affirmed. No costs, a public question being involved.

All concurred.